IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **RICHARD A. NICHOLS,**<br><br>                    Petitioner,<br>vs.<br><br>**MARK BAER et al.,**<br><br>                    Respondents. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br><br>Case No.  2:08CV89 DAK |

      This matter is before the court on Defendants Mark Baer, Colin Winchester, and Bryce Greer's (collectively, "Defendants") Motion to Dismiss.  Mr. Nichols has brought numerous actions in this court, all stemming from his employment as a sales manager at "Remember When," a car dealership selling classic cars on consignment, and /or his subsequent conviction for his actions during this employment.  Specifically, in 2002, after a three-day bench trial, Mr. Nichols was convicted of five felony counts of communication fraud and one count of racketeering relating to his conduct while employed at this used-car dealership.  His conviction has been affirmed by the Utah Court of Appeals, *see State v. Nichols*, 2003 UT App 287, 76 P.3d 1173 (Utah 2003), and the Utah Supreme Court denied certiorari by an Order dated December 10, 2003.  *See State v. Nichols*, 84 P.3d 239 (Ut. 2003) (Table).

      For all the reasons state by Defendants, this case is dismissed.  The case is time-barred, the *Rooker-Feldman* and *Younger* abstention doctrines each bar the case, as does the Supreme Court's ruling in *Heck v. Humphrey*.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the

U.S. Supreme Court found that the requirement that all criminal actions be terminated favorably to the accused supports the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transactions" and "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 484-85.  Moreover, defendants would be entitled to absolute prosecutorial and qualified immunity.  Thus, Mr. Nichols has failed to state any claim against any defendant, and this case must be dismissed.

.                                                     **CONCLUSION**

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the petition is DISMISSED for failure to state a claim.   In addition, given the number of unmeritorious lawsuits filed by Mr. Nichols[1], all of which have been dismissed, Mr. Nichols is hereby admonished that the court will impose sanctions for any future filings based on claims that have previously been asserted in this court.

---

[1] *See, e.g.*, *Nichols v. Braithwaite et al.* (2:03cv867 TS) (civil rights claims under 42 U.S.C. § 1983 - dismissed for failure to state a claim); *Nichols v. Fletcher et al.* (2:03cv868 TS) (civil rights claims under 42 U.S.C. § 1983 - dismissed on summary judgment because Mr. Nichols had not established that any conduct violated the law); *Nichols v. State of Utah et al.* (2:03cv1095 TS) (civil rights claim under 42 U.S.C. § 1983 - dismissed because Mr. Nichols' action was barred absent a showing that his conviction had been overturned on direct appeal); *Nichols v. State of Utah*, 2:03cv1132 DAK (habeas corpus petition under 28 U.S.C. § 2254 - dismissed on a variety of grounds); *State of Utah v. Nichols* (2:07cv419 DAK) (dismissed because of Mr. Nichols' improper removal of state case to federal court);  *Nichols v. State of Utah*, 2:07cv940 DAK (habeas corpus petition under 28 U.S.C. § 2254 - dismissed on a variety of grounds); *Nichols v. State of Utah* (2:08cv123 DAK) ((habeas corpus petition under 28 U.S.C. § 2254 - dismissed on a variety of grounds, including an improper successive § 2254 petition).

DATED this 30th day of July, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge